**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Juan Alejandro Morales,<br>Plaintiff,<br>v.<br>Federal Aviation Administration,<br>Defendant. | No. CV-26-00541-TUC-JGZ<br>**ORDER** |

On October 7, 2026, Plaintiff Juan Alejandro Morales filed a pro se Complaint against the Federal Aviation Administration alleging a violation of the Freedom of Information Act, 5 U.S.C. § 552, and seeking, in the alternative, mandamus relief under 28 U.S.C. § 1361 (Doc. 1), and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will deny the deficient Application to Proceed and give Plaintiff 30 days to either pay the filing and administrative fees or file a complete, updated Application to Proceed In Forma Pauperis.

**I. Payment of Filing Fee**

Whether to grant or deny an in forma pauperis application is within the Court's discretion, *see O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990), and in forma pauperis status is "a matter of privilege and not right," *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). To qualify for in forma pauperis status under 28 U.S.C. § 1915(a)(1), Plaintiff must submit an affidavit that includes a statement of all assets he possesses and

that states he is unable to pay the required fees. *Id.* An affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the [in forma pauperis] statute," *id.*, but "[a] showing of something more than mere hardship must be made," *Andres v. Carmona*, No. 119CV00744DADJLTPC, 2019 WL 4920957, at *1 (E.D. Cal. July 11, 2019). "A plaintiff who is not truly indigent may not proceed in forma pauperis simply to avoid all economic costs of commencing legal actions." *Fox v. S.C. Judicial Dep't*, C/A No. 2:16-cv-00209-RMG, 2016 WL 7469805, at *1 (D.S.C. Feb. 12, 2016); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (in enacting the in forma pauperis statute, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal quotations and citation omitted).

It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an application to proceed in forma pauperis if an individual is unable or unwilling to verify his poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). "The Court is entitled to consider the economic priority Plaintiff placed on the use of his money, received from any source." *Evans v. Sherman*, No. 119CV00760LJOJLTPC, 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citing *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995)); *see also Kurz v. Zahn*, No. 1:11-CV-00342-EJL, 2012 WL 4458128, at *2 (D. Idaho Apr. 13, 2012) ("Nor can all the items included on [plaintiff's] list of monthly obligations, even generously construed, be considered as the 'necessaries of life.'").

Based on the financial information Plaintiff provided, the Court cannot determine whether he qualifies for in forma pauperis status. Plaintiff reports no monthly income, $400 in cash and checking accounts, and no additional assets or dependents. (Doc. 2 at 1–3.) He identifies monthly expenses totaling $1,840, including $500 for food, $250 for

transportation, and $1,000 in credit card payments. (*Id.* at 4–5.) Plaintiff explains that he is an undergraduate student at the University of Arizona, receives financial support from his parents for living and educational expenses, and resides in housing provided by his parents. (*Id.* at 5.)

However, the bank statement Plaintiff submitted with his Application reflects financial activity inconsistent with his reported income and assets. Specifically, the statement reflects $3,116.19 in deposits and $2,669.91 in withdrawals during the period from August 21 through September 20, 2026, with an ending balance of $1,253.32. (Doc. 2-1 at 1.) Although these deposits do not necessarily constitute income, Plaintiff does not identify their sources or explain their relationship to the financial assistance he receives from his parents. Nor does Plaintiff explain the discrepancy between his reported $400 in available funds and the substantially higher balance reflected in his bank statement.

Additionally, a court may deny an in forma pauperis application where a plaintiff's expenses demonstrate "discretionary spending beyond strict necessity." *Strojnik v. Panera Bread Co.*, No. 1:22-cv-00682-JLT-BAK (SAB), 2022 WL 2287274, at *6 (E.D. Cal. June 24, 2022); *see*, *e.g.*, *Badillo v. Comm'r of Soc. Sec.*, No. 1:20-cv-00393-SAB, 2020 WL 2494575, at *2 (E.D. Cal. May 14, 2020) (recommending denial of application where internal inconsistencies of reported income and expenses—including $1,500 per month for two cars and $1,000 per month for food in a household of two—did not suggest plaintiff was living in poverty). Plaintiff reports $1,000 in monthly credit card payments, accounting for more than half of his reported monthly expenses, but does not identify the nature of those obligations. (Doc. 2 at 4.) Without further explanation, the Court cannot determine whether these payments constitute necessary living expenses or whether Plaintiff could reasonably allocate some portion of those funds toward the filing and administrative fees.

In light of these unexplained discrepancies and expenses, the Court cannot determine whether Plaintiff is unable to pay the filing and administrative fees while still providing himself with the necessities of life. Accordingly, the Court will deny Plaintiff's Application to Proceed In Forma Pauperis without prejudice and give Plaintiff 30 days to

either pay the filing and administrative fees or submit a complete, updated Application that accurately identifies his financial resources, explains the deposits reflected in his bank statement, and provides additional information concerning his reported expenses.

## II. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **denied without prejudice**.

(2) Within **30 days** of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee and $55.00 administrative fee **or** file a complete Application to Proceed In Forma Pauperis. Any renewed Application must accurately disclose Plaintiff's financial resources, explain the sources of the deposits reflected in his bank statement and the discrepancy in his reported account balance, and provide additional information concerning his reported monthly expenses.

//

//

//

//

(3) If Plaintiff fails to either pay the $350.00 filing fee and $55.00 administrative fee or file a complete Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

(4) The Clerk of Court must mail Plaintiff a court-approved form for filing an Application to Proceed In Forma Pauperis (Non-Habeas).

Dated this 2nd day of November, 2026.

Jennifer G. Zipps
Chief United States District Judge